■ Maxku Corp., Appellant, v Century Circuit, Inc., et al., Respondents. — Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered April 4, 1983, granting the motion of defendant Consolidated Edison Company of New York, Inc. (Con Ed) to dismiss plaintiff's complaint as to it, denying the motion of plaintiff for partial summary judgment against Con Ed on the issue of liability, and granting the motion of defendant Century Circuit, Inc., for summary judgment, to the extent of awarding it possession of the subject premises modified, on the law, to the extent of denying summary judgment to Century Circuit, Inc., in the eviction proceeding and otherwise affirmed, without costs. Plaintiff Maxku entered into a lease covering two stores with RKO Theatres, Inc. RKO thereafter was merged with defendant Century Circuit, Inc. The leased premises, which had previously been damaged by fire, were to be operated as a bar and restaurant. Necessarily,

extensive repairs were required to enable the premises to be used for the contemplated purpose. Inasmuch as the premises had no electrical service at the time of lease it was contemplated that the repairs which were to be made by Maxku would result in the rendition of that service. A contractor was retained by plaintiff to make the electrical repairs. To meet plaintiff's requirements the contractor obtained a special transformer from Con Ed and proceeded to install it. After installation was completed, the contractor installed a 400-ampere service in order to provide adequately and properly for plaintiff's electrical needs. During installation, inspection was made by the city, Con Ed and Century to insure that it proceeded properly and in conformity with the permit granted by the city. The principal of the contractor avers that he was informed by Century's employee who inspected the installation that he did not care how it was done so long as it was done right. The nature of the installation was such that after its completion it was required to be separately metered. For some reason Con Ed did not install the meter until some 21 or 22 months after the job was completed. It then commenced billing plaintiff for metered service effective April 16, 1981, the date the meter was installed. Plaintiff notified Con Ed that under the terms of its lease the landlord was obliged to furnish heat and electrical current at the landlord's expense. Con Ed thereupon canceled the bill to plaintiff and billed Century for service. Additionally, it billed Century for the unmetered service furnished plaintiff from June, 1979, when the installation was completed, to April 16, 1981, when the meter was installed. Century refused to pay the bill insisting that the alteration of the premises contemplated a 200-ampere service rather than a 400-ampere service and further that the installation was performed in such fashion that it required separate metering thus resulting in a $400 to $500 per month increase in electric charges for the entire building. It claimed that it was liable for only $250 per month and insisted that plaintiff pay the balance. Maxku refused and Century brought suit against plaintiff contending that it had breached the lease by installing a 400-ampere service without obtaining its prior written consent as it was required to do under the lease. Maxku answered and interposed a counterclaim. Meanwhile, Con Ed was left in a never-never land with its unpaid bills constantly mounting. On April 19, 1982, without notice to Maxku, Con Ed terminated its service, forcing plaintiff to close its restaurant. Maxku then failed to pay rent due to Century on May 1, 1982. Plaintiff commenced an action against Century and Con Ed, seeking substantial compensatory and punitive damages. Century counterclaimed, seeking reimbursement for any judgment which might be rendered in favor of Con Ed against it. It also asserted as an affirmative defense Maxku's alleged breach of the lease. Prior to interposing its answer but subsequent to the commencement of the action by Maxku, Century brought a summary proceeding in the Civil Court seeking to evict Maxku for failure to pay the May 1, 1982 rent. Plaintiff counterclaimed, asserting Century's breach of its obligation to furnish electric service. Century obtained an order consolidating the eviction proceeding with its original action against Maxku. Century then moved in the consolidated proceeding for summary judgment granting it immediate possession of the premises. Maxku moved for consolidation of all pending proceedings and for summary judgment on the issue of liability against Century and Con Ed in the action brought by it against both of them. Con Ed moved to dismiss Maxku's action against it on the ground that it failed to state a cause of action. Special Term consolidated all of the proceedings, granted Century's motion for immediate possession of the subject premises, and granted Con Ed's motion to dismiss. We disagree with Special Term's determination to the extent only that it awarded possession of the premises to Century. We modify accordingly. Century's right to the May, 1982 rent depends on whether the actions taken by

Century resulted in a constructive eviction of Maxku. It is not disputed that after the cutoff of electricity, with its consequent cutting off of light and air conditioning, Maxku was unable to function as a restaurant. Consequently, it closed its doors. The essential fact of eviction is clearly established. Whether it resulted from the alleged breach of the lease by Maxku or from the alleged breach of the lease by Century remains a disputed issue of fact which must await trial for determination. Concur — Asch, J. P., Silverman, Bloom, Lynch and Alexander, JJ.